

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Tom Seay
County Attorney
Potter County
Amarillo, Texas

Dear Sir:

Opinion No. O-1807
Re: 1. Officer may not collect mileage
    for unsuccessful attempt to arrest
    defendant.
    2. Arresting officer may not accept
    fine and costs from defendant be-
    fore taking him to a magistrate.

This will acknowledge receipt of your letter of
December 27, 1939, in which you submit for an opinion of
this department the following questions:

"Where a complaint charging a misdemeanor
is filed against a non-resident of the county,
and a warrant for the defendant's arrest is
placed with local officers, who travel to the
county of the defendant's residence in an un-
successful effort to make an arrest, and the ar-
rest is subsequently made by officers of the
county of defendant's residence, and the defen-
dant is carried before a magistrate of the county
of his residence and there makes bond, are offi-
cers of the county where the complaint is filed
entitled to any fees or mileage for their unsuc-
cessful efforts to make an arrest, and if so, what
is the proper basis for computing the mileage?

"In the same sort of case, but where the
officer is successful in locating the defendant,
has the officer the authority to accept a sum
in settlement of the case arrived at by fixing
a minimum fine, plus costs of suit and mileage;
if not, has any criminal offense been committed
by the officer in so doing?"

Subdivision 5 of Article 1050 of the Code of
Criminal Procedure of Texas, 1925, reads in part as

follows:

"5. For each mile the officer may be compelled to travel in executing criminal process summoning or attaching witnesses, five cents;"

Subdivision 7 of Article 1132, C. C. P. of 1911, provided that the judge, in allowing mileage, should ascertain whether process had been served on one or more of the parties therein named on the same tour and should allow mileage only for the number of miles actually traveled and only for journey made at time service was perfected. When this article was carried over into the C. C. P. of 1925, as Article 1033, the provision that the judge should allow mileage only for the number of miles actually traveled on the journey at the time service was actually perfected, was omitted.

We have carefully considered the case of Burns vs. State, 61 S<sup>w</sup> 2nd 512, to which you call our attention. In this case the defendant was charged with the offense of extortion and convicted by the trial court. Upon appeal to the court of criminal appeals the conviction was reversed and the case remanded. Burns charged and collected a fee of $5.00 representing mileage in making an unsuccessful attempt to serve a subpoena.

The above mentioned subdivision 5 of Article 1030, was discussed fully by the court in the Burns case, but we do not construe the opinion to hold that the sheriff involved was entitled to charge mileage for an unsuccessful attempt to perfect service. This is made clear by the language taken from the opinion as follows:

"It is unnecessary to decide whether the statute as it now appears in the Code should be construed to allow the number of miles traveled in unsuccessful trips in an effort to execute subpoenas, or should be held to mean that the officer is entitled to the number of miles actually and necessarily traveled on the journey made at the time the service was perfected."

After the appearance of the above quoted section the court continues with the statement that the statute in question might reasonable be construed as authorizing the

collection of such mileage fees and that by reason of such possible construction the conviction could not stand. This latter statement is made for the purpose of showing that the statute involved is not plain and that actually it is so obscure that the rule that no mistake of law excuses one committing an offense could not be applied in the instant case.

We fail to find any authority, either by statute or decision, upholding the right of a peace officer to collect mileage for unsuccessful attempts to perfect service of process. This department has consistently denied such right as is reflected by an opinion written by H. Grady Chandler, Assistant Attorney General, June 28, 1929, to Mr. W. G. Lanier, and followed by J. A. Stanford, Jr., Assistant Attorney General, in an opinion dated May 8, 1933, to Mr. J. Dell Barber, and in an opinion written by Homer C. DeWolfe, Assistant Attorney General to Hon. R. T. Burns, June 6, 1933 as well as in several later opinions.

Your first question, therefore, is answered in the negative.

We now turn out attention to your second question as to whether or not the arresting officer has the right to accept a fine and costs from a defendant in settlement and discharge of the offense charged. We find no authority which directly answers this question. The whole scheme of the Texas statutes, however, contemplates that an arresting officer must take the accused forthwith before a magistrate before whom the accused must plead.

Article 41, C. C. P. makes the sheriff the conservator of the peace in his county and charges him with the duty of arresting offenders against the laws of Texas and requires him "to take them before the proper court for examination or trial". Article 234, C. C. P., requires that where one is arrested in one county for a felony committed in another, he shall "in all cases be taken before some magistrate of the county where it was alleged the offense was committed." Article 235, C. C. P., provides that where one is arrested for misdemeanor outside the county wherein the offense is alleged to have occurred he shall "be taken before a magistrate of the county where the arrest takes place who shall make bail...." These and similar statutes apply with equal force to all "officers" as that term is defined in Article 346 of the Penal Code.

To permit an arresting officer to accept a plea of guilty and to collect a fine and costs based thereon from an accused would be constituting the arresting officer a magistrate. It was never intended that an officer should be both the arm of the court and the court at the same time.

For the reasons herein stated, your second question is answered in the negative. Having so answered, it then becomes our duty to consider your third question as to whether or not a criminal offense is committed by an arresting officer who collects a fine and costs from an accused without taking him before a magistrate authorized to accept such plea. You do not state whether or not the officer in question turned such fees, so collected, over to the justice of the peace for disposition. Having none of the facts and circumstances of the transaction before us and not knowing the intent of the officer involved, we cannot advise whether or not an offense was committed.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Lloyd Armstrong
Lloyd Armstrong
Assistant

IA:AW

APPROVED JAN 18, 1940

Gerald C. Mann
ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY DWB
CHAIRMAN